# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1998 SESSION

FILED

April 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9706-CC-00220 |
| Appellee, | ) | |
| | ) | CANNON COUNTY |
| VS. | ) | |
| | ) | HON. J.S. DANIEL, |
| JAMES PINKERTON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Certified Question of Law) |

**FOR THE APPELLANT:**

**LARRY D. BRANDON**
103 North Spring Street
P.O. Box 5065
Murfreesboro, TN 37133-5065

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM C. WHITESELL, JR.**
District Attorney General

**DAVID L. PUCKETT**
Assistant District Attorney General
Rutherford County Judicial Bldg.
Room 303
Murfreesboro, TN 37130

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, James Pinkerton, appeals from a DUI judgment of conviction entered by the Circuit Court of Cannon County. The defendant pled guilty to DUI, first offense, reserving the right to appeal as a certified question of law the trial court's denial of his motion to suppress. Tenn. R. Crim. P. 37 (b)(2)(i). The defendant contends the actions of the arresting officer constituted a "stop" for Fourth Amendment purposes, and the officer lacked reasonable suspicion based upon specific and articulable facts that a crime was being committed or was about to be committed. After a review of the record, the judgment of the trial court is AFFIRMED.

## BACKGROUND

### A.

Cannon County Sheriff's Deputy Charlie Harris received a telephone complaint from April Gannon, who resided on Highway 53 South. She advised that the defendant was driving a white Chevrolet S-10 truck on Highway 53 South, and he had been drinking alcohol. She requested that Deputy Harris investigate the matter. Deputy Harris proceeded to the location to investigate the complaint.

The deputy first saw the defendant about thirty (30) yards from Gannon's driveway and observed him turn into the driveway. Deputy Harris pulled in behind the defendant and parked his vehicle. The deputy did not activate his blue lights. The defendant was walking toward the front door of Gannon's house when the deputy approached the defendant and asked for his name. When the defendant responded, the officer noticed an odor of alcohol on his breath. When asked if he had been drinking, the defendant stated he had "just a couple." Deputy Harris then asked the defendant to perform a field sobriety test. Due to

the defendant's poor performance on the field sobriety test, the defendant was arrested for driving under the influence.

**B.**

At the hearing on the motion to suppress, the trial court found that the actions of Deputy Harris did not constitute an "investigatory stop." The question certified to this Court is whether the trial court erred "in overruling defendant's Motion to Suppress the evidence obtained by Deputy Charley Harris as a result of [that] court's finding that the Deputy's conduct was not a 'stop' requiring the court to apply the law in State v. Cobb, [C.C.A. No. 01C01-9011-CC-00366, Hickman County (Tenn. Crim. App. filed May 7, 1991, at Nashville)]."

**ANALYSIS**

The defendant argues the unreported case of State v. Cobb, *supra,* and State v. Coleman, 791 S.W.2d 504 (Tenn. Crim. App. 1989), are controlling of the issue certified.

**A.**

Deputy Harris received information from a citizen who gave her name, address, and specific information about the defendant. The deputy observed a vehicle matching the description given by the complainant pull into her residence. The officer did not activate his blue lights , but simply parked his vehicle behind the defendant's in the driveway. Unlike the facts in Cobb and Coleman, Deputy Harris did not stop the defendant's vehicle. The defendant voluntarily parked his vehicle intending to go inside the residence. There is no showing the defendant stopped his vehicle as a result of any action by Deputy Harris. *See* State v. Moore, 776 S.W.2d 933, 935 (Tenn. 1989). Accordingly,

3

there was no investigatory stop of the vehicle.


**B.**


Defendant also contends that his "seizure" by Deputy Harris was not supported by specific, articulable facts. We find no constitutional violation. The officer was on the property of a complainant who asked for his assistance. The defendant's vehicle was not "stopped" by the officer. The officer simply approached the defendant and asked him his name. There was no stop or seizure at this time. *See* State v. Moore, 776 S.W.2d at 935; State v. Butler, 795 S.W.2d 680, 685 (Tenn. Crim. App. 1990). Upon the defendant responding, the officer smelled alcohol. He then had sufficient cause to detain the defendant for field sobriety tests. Based upon the defendant's poor performance of the field sobriety tests, the officer had probable cause to arrest the defendant. We find no unconstitutional seizure.


The judgment of the trial court is AFFIRMED.


_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____

4

**JOSEPH M. TIPTON, JUDGE**

_____
**DAVID H. WELLES, JUDGE**

**DAVID H. WELLES, JUDGE**